**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

JOSEPH A. DANIELS,

    Petitioner,

v.                                    Civil Action No. 3:11CV675

G.M. HINKLE,

    Respondent.

**MEMORANDUM OPINION**

Joseph A. Daniels, a Virginia prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss. Daniels has responded. The matter is ripe for disposition.

**I. GROUNDS FOR RELIEF**

Daniels raises the following grounds for relief:

Claim One     The Governor of Virginia "encroach[ed] on the legislative and judicial branch" (Mem. Supp. § 2254 Pet. 4)[1] by opting into the Violent Offender Incarceration and Truth-in-Sentencing incentive grant program administered by the United States Department of Justice. Such action violated the Separation of Powers Doctrine of the U.S. Constitution.

Claim Two     Counsel rendered ineffective assistance by failing to proffer jury instructions regarding whether Daniels's sentences would run concurrently or consecutively.

Claim Three     During the sentencing phase, counsel rendered ineffective assistance when he failed to object

---

[1] The Court has corrected the capitalization in the quotations to Daniels's submissions.

| | |
|---|---|
| | to the prosecutor's statement regarding the length of Daniels's prior sentences. |
| Claim Four | Counsel rendered ineffective assistance when he failed to object to the prosecutor's failure to provide Daniels with fourteen days of notice of the portions of Daniels's criminal record which he intended to introduce at sentencing. |
| Claim Five | Counsel rendered ineffective assistance when he failed to subpoena Emanuel Mayfield as a witness. |
| Claim Six | Counsel rendered ineffective assistance when he failed to request jury instructions on assault or battery. |
| Claim Seven | Counsel rendered ineffective assistance by failing to move for a mistrial based on the prosecutor's improper statements during opening argument. |

Respondent has moved to dismiss Claims One, Two, Three, Four, Six and Seven on the grounds that Daniels procedurally defaulted such claims. Respondent contends Daniels procedurally defaulted Claims Two, Three, Four, Six and Seven by failing to raise them properly in his state habeas petition. (Br. Supp. Mot. Dismiss ¶ 20.) Respondent also has moved to dismiss Claims Two through Seven on the grounds that said claims lack merit.

Subsequent to Respondent's filing of the Motion to Dismiss, the Supreme Court issued the decision in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012). In that case, the Supreme Court held,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from

2

hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320. In Virginia, claims raising ineffective assistance of counsel are not cognizable on direct appeal and must be asserted in a habeas corpus proceeding. Blevins v. Commonwealth, 590 S.E.2d 365, 368 n.* (Va. 2004) (citing Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001)). In his state habeas proceeding, Daniels did not have the assistance of counsel. Given the foregoing circumstances, the absence of any briefing on the impact of Martinez by Respondent, and the obvious lack of merit of claims Two, Three, Four, Six, and Seven, judicial efficiency warrants that the Court address the merits of these claims. See Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) (citing Hardiman v. Reynolds, 971 F.2d 500, 503 (10th Cir. 1992)).

## II. PROCEDURAL HISTORY

On direct appeal, Daniels asserted that the evidence was not sufficient to support his convictions.[2] In rejecting that

---

[2] Daniels also asserted the Circuit Court had erred in denying his motion under Batson v. Kentucky, 476 U.S. 79 (1986), and that the Circuit Court had erred in admitting his prior convictions during the sentencing phase.

3

challenge, the Court of Appeals of Virginia aptly summarized the evidence of Daniels's guilt as follows:

> At approximately 2:05 a.m. on July 12, 2008, Jacque Bowmaster was working behind the cash register at a CVS pharmacy when a man entered the store and jumped over the counter. He grabbed Bowmaster by the arm and ordered her to open the cash register. The man removed the cash from the cash register and fled the store. As he left, he told Bowmaster, "If you open your damn mouth, bitch, I will come back and cut you. I have a knife."
> Bowmaster called the police and after they finished interviewing her, she continued working the rest of her shift. At approximately 6:48 a.m. the man entered the store again, and stated, "We're going to do this again, bitch." The man was dressed in the same clothing he had worn previously, but on this occasion, he produced a knife. He pressed the blade against Bowmaster's neck and ordered her to open a cash register. After emptying the cash register, appellant jumped over the counter and left the store.
> At trial, Bowmaster identified appellant as the robber. She noted the lighting condition was "a little brighter" than that in the courtroom and she had been very close to the robber, enabling her to see his face and attire. She stated appellant was wearing a "dark-colored baseball cap," dark jeans, light brown boots, and a shirt that was a "faded-out lemon color or a cream color." She had seen appellant in the store prior to the robberies on two or three occasions. Bowmaster noted she had no doubt about her identification.
> Following the robberies, police presented Bowmaster with three photo lineups. Bowmaster identified appellant's photograph in the third lineup. At trial, Bowmaster identified work boots, pants, and a shirt recovered from appellant's residence as consistent with those worn by appellant on the morning of the robberies. She noted that the boots were in newer condition on the morning of the robberies.
> The Commonwealth introduced video surveillance footage from the store as well as still photographs capturing both robberies on tape.

Daniels v. Commonwealth, No. 1550-09-02, at 3-4 (Va. Ct. App. Jan. 5, 2010). On September 14, 2010, the Supreme Court of Virginia refused Daniels's petition for appeal. Daniels v. Commonwealth, No. 100814, at 1 (Va. Sept. 14, 2010).

Thereafter, Daniels filed a state petition for a writ of habeas corpus with the Supreme Court of Virginia. In that petition, Daniels raised, inter alia, Claims One and Five. The Supreme Court of Virginia dismissed the petition. Daniels v. Warden, Greenville Corr. Ctr., No. 110194, at 4 (Va. June 21, 2011). The Supreme Court concluded that Claim One was barred because Daniels could have, but did not, raise it on direct appeal, id. at 2 (citing Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974)), and that Claim Five lacked merit, id. at 3-4.

### III. PROCEDURAL DEFAULT

The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-

5

32 (1991)).[3] A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Id. (quoting Coleman, 501 U.S. at 735 n.1). The burden of pleading and proving that a claim is procedurally defaulted rests with the state. Jones v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255, 262 (1989).

The Supreme Court of Virginia found Claim One barred from review because Daniels failed to raise such a claim at trial and on direct appeal. Daniels v. Warden, Greenville Corr. Ctr., No. 110194, at 2 (Va. June 21, 2011) (citing Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974)). Slayton constitutes an adequate and independent state procedural rule when so applied. See Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, Claim One is procedurally defaulted. Daniels fails

---

[3] Daniels has exhausted his available state court remedies. See 28 U.S.C. § 2254(c).

6

to advance any basis for excusing his default. Accordingly, Claim One will be dismissed.

### IV. ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The second component of Strickland, the prejudice component, requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Strickland, 466 U.S. at 697.

7

### A. Claims of Error at Trial

In Claim Five, Daniels faults counsel for not calling Emanuel Mayfield as a witness.[4] A claim that counsel failed to call a witness "does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) (citing Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990)). Daniels fails to proffer, as he must, what favorable testimony Mayfield could offer. Accordingly, Claim Five will be dismissed.

In Claim Six, Daniels faults counsel for not requesting instructions on assault or battery. The Commonwealth had charged Daniels with two counts of robbery. Daniels fails to allege under what theory the jury should have been instructed on assault or battery. See Sanchez v. Commonwealth, 527 S.E.2d 461, 463 (Va. Ct. App. 2000) (observing that "assault and battery is not a lessor-included offense of robbery" (citing Low v. Commonwealth, 396 S.E.2d 383, 385 (Va. Ct. App. 1990))).

---

[4] The Circuit Court found, "The record, including the affidavit of counsel, demonstrates that counsel did not call Mayfield because counsel did not believe Mayfield would offer testimony which would have been favorable to petitioner at trial." Daniels v. Warden, Greensville Corr. Ctr., No. 110194, at 4 (Va. June 21, 2011). During the second robbery, another individual accompanied Daniels into the CVS. Although not entirely clear, it appears that individual may have been Mayfield.

8

Accordingly, Claim Six will be dismissed because Daniels fails to demonstrate deficiency or prejudice.

In Claim Seven, Daniels complains that counsel failed to object and move for a mistrial based on the fact that during opening statements the prosecutor stated Bowmaster would testify that the robber had cut her with a knife. When Bowmaster testified, she did not indicate that the robber had cut her. Daniels fails to demonstrate that the minor misstatement of the prosecutor warranted an objection, much less a mistrial. United States v. Homer, 545 F.2d 864, 867 (3d Cir. 1976) (observing "'improprieties of argument by counsel to the jury do not call for a new trial unless they are so gross as probably to prejudice the defendant and the prejudice has not been neutralized by the trial judge before submission of the case to the jury'" (quoting United States v. Leftwich, 461 F.2d 586, 590 (3d Cir. 1972))). Accordingly, Claim Seven will be dismissed because Daniels fails to demonstrate prejudice.

### B. Claims of Error at Sentencing

In Claim Two, Daniels faults counsel for not proffering jury instructions regarding whether Daniels's sentences should run concurrently or consecutively. During sentencing deliberations, the jury asked the Circuit Court whether Daniels's robbery sentences would run consecutively or

concurrently. (Trial Tr. 187-89.) Trial counsel asked the Circuit Court to inform the jury the sentence would run consecutively. The Circuit Court refused.

In Virginia, "[w]hen any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court." Va. Code § 19.2-308 (West 2012). Thus, the discretion to run sentences concurrently or consecutively generally rests with the trial court. See Moore v. Commonwealth, 497 S.E.2d 908, 911 (Va. Ct. App. 1998) (citing Wood v. Commonwealth, 408 S.E.2d 568, 569 (Va. Ct. App. 1991)). A defendant, however, does not have a right to have the jury instructed as to whether his sentences would run consecutively or concurrently. See May v. Commonwealth, No. 0140-01-2, 2002 WL 1611123, at *5 (Va. Ct. App. July 23, 2002). The Court of Appeals of Virginia explained,

> To instruct the jury that the trial judge could run the sentences concurrently would cause the jury to speculate what action the trial judge would take. With no evidence as to what action the trial judge would take in modifying the jury's sentences, to instruct on the possibility of running the sentences concurrently would taint the jury process of fixing punishment. Therefore, the trial court did not err by refusing to instruct the jury on Code § 19.2-308 and the trial court's ability to modify the jury's sentences.

10

<u>Id.</u> Given the actions of counsel and the foregoing authority, Daniels fails to demonstrate deficiency or prejudice. Claim Two will be dismissed.

In Claim Three, Daniels complains that counsel failed to object when the prosecutor informed the jury the amount of time Daniels had received for his prior convictions. Section 19.2-295.1 of the Virginia Code, however, requires prosecutors to present <u>to the jury</u> "the defendant's prior criminal history, including prior convictions and <u>the punishments imposed</u>." Va. Code § 19.2-295.1 (West 2009) (emphasis added). Thus, counsel reasonably eschewed the frivolous objection Daniels urges here. Accordingly, Claim Three will be dismissed.

In Claim Four, Daniels contends that he did not receive the effective assistance of counsel when counsel failed to object to the prosecutor's failure to comply with the notice requirements of section 19.2-295.1 of the Virginia Code.[5] Defense counsel,

---

[5] The pertinent portion of the statute provided:

> The Commonwealth shall provide to the defendant 14 days prior to trial notice of its intention to introduce copies of final orders evidencing the defendant's prior criminal history, including prior convictions and punishments imposed. Such notice shall include (i) the date of each prior conviction, (ii) the name and jurisdiction of the court where each prior conviction was had, (iii) each offense of which he was convicted, and (iv) the punishment imposed. Prior to commencement of the trial, the Commonwealth

11

however, made the objection Daniels claims counsel omitted.[6] Therefore, Daniels fails to demonstrate deficiency or prejudice. Claim Four will be dismissed.

The Motion to Dismiss (Docket No. 5) will be granted. The petition for a writ of habeas corpus will be denied. The action will be dismissed. A certificate of appealability will be denied.[7]

---

shall provide to the defendant photocopies of certified copies of the final orders which it intends to introduce at sentencing.

Va. Code § 19.2-295.1 (West 2009).

[6] The prosecution failed to provide Daniels with notice of the length of Daniels's prior sentences until six days before trial. Counsel objected and unsuccessfully raised the issue on appeal. Daniels v. Commonwealth, No. 1550-09-02, at 6 (Va. Ct. App. Jan. 5, 2010) ("Appellant cites no prejudice suffered as a result of the Commonwealth's failure to comply with the fourteen-day deadline on providing the sentences. As the Commonwealth substantially complied with the statute, and appellant suffered no prejudice, the prior convictions were properly admitted.")

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Daniels is entitled to further consideration in this matter.

The Clerk is directed to send copy of the Memorandum Opinion to Daniels and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 7, 2012